IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MINNIE M. STRAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case Number CIV-07-239-C |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On November 29, 2007, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation ("R&R") in this action in which Plaintiff seeks judicial review of Defendant Commissioner of Social Security Administration's final decision denying her application for supplemental security income benefits. Judge Couch recommended Plaintiff's case be remanded for further proceedings. Plaintiff timely objected, arguing a remand was unnecessary as the record clearly established her entitlement to benefits. Plaintiff therefore requests an Order granting benefits.

The Tenth Circuit has held that reversal and remand for an award of benefits is appropriate when additional fact finding would serve no useful purpose. See Dollar v. Bowen, 821 F.2d 530, 534 (10th Cir. 1987). However, after having carefully considered Plaintiff's arguments in her original brief and the arguments raised in her Objection to the R&R, the Court concludes remand is proper.

Plaintiff's suggestion that she is entitled to an immediate award can be premised only on one of two theories: that her impairments equate to a listing and therefore she is disabled

at Step 3, or that, even though she does not have a listed impairment, there is no job available for one with her employment restrictions.

On the first theory, Plaintiff has offered nothing more than the conclusory assertions of counsel to support her position, having failed to provide any citation to the record or any legal authority regarding a listed impairment. Indeed, Plaintiff has specifically disavowed an intent to raise the first theory. During the hearing, Plaintiff's counsel informed the ALJ that "I don't think this is necessarily [INAUDIBLE] case. I think it's more a step 4 or 5. Step 5 case." Dkt. No. 13, pp. 566.

Nor has Plaintiff argued a listing in her briefing in this Court. Although there is a vague reference in footnote 11 in her opening brief that a certain condition mentioned by one of her treating physicians would equate to a listing; even in that instance Plaintiff failed to offer any meaningful argument to support her claim. In the absence of evidentiary or legal support for her position, the Court finds Plaintiff has failed to demonstrate this case is one where additional fact finding would serve no useful purpose. As Judge Couch correctly noted, the ALJ's consideration of Plaintiff's treating physicians' records was inadequate. Thus, the proper course is to remand and permit the ALJ to consider the evidence under the appropriate standard and as it relates to the evidence in the case for each step in the evaluation process. The R&R will be adopted on this issue.

Next, Plaintiff complains that in determining she could perform certain light work, the ALJ failed to recognize she could only stand and walk for two hours. According to Plaintiff, this limitation on her walking and standing prevents the ALJ from finding she has the ability

to perform work s a microfilm mounter, which is classified as light work in the Dictionary of Occupational Titles (DOT).[1]  As Judge Couch noted, Plaintiff's argument overlooks the scope of the hypothetical posed to the Vocational Examiner ("VE").  In questioning the VE about the availability of work for a person with Plaintiff's limitations, the ALJ specifically included in his hypothetical Plaintiff's limitation regarding standing or walking.  See Dkt. No. 13, pp. 568-69.  Thus, in reaching his conclusion regarding Plaintiff's ability to engage in a wide range of work, the ALJ properly relied on the VE's opinion.  Nevertheless, there is error in this portion of the ALJ's decision.  As Plaintiff notes in her objection to the R&R,[2] the VE's opinion regarding the type of work Plaintiff could perform contradicts the DOT and the Commissioner's rules.  What Plaintiff fails to recognize is that the conflict in and of itself is not error.  Rather, it was the failure of the ALJ to question the VE about his deviation from the published standards that was error.  See Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999) ("Questioning a vocational expert about the source of his opinion and any deviations from a publication recognized as authoritative by the agency's own regulations falls within" the ALJ's duty to fully develop the record.).  The ALJ's error on this issue, along with the inclusion of a job which is not classified in the DOT, must be resolved on remand.

---

[1] Light work requires the ability to stand or walk for six hours in an eight-hour day.

[2] The Court notes that, once again, Plaintiff's counsel failed to raise this issue in either of her briefs before Judge Couch.

With the modifications noted herein, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and REMANDS this matter to Defendant for further proceedings consistent with the rulings herein.

IT IS SO ORDERED this 14th day of January, 2008.

ROBIN J. CAUTHRON
United States District Judge